UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RIMA E. LAIBOW, spouse of ALBERT N. STUBBLEBINE, III, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>RICHARD MENASHE, WILLIAM OSER, LISA CASALE, THE COMMUNITY HOSPITAL GROUP d/b/a JFK MEDICAL CENTER, KINDRED HOSPITAL, ABC COMPANIES (1–10), DEFENDANT PARTNERSHIPS (1–10), JOHN DOE PHYSICIANS (1–10), JANE DOE NURSES (1–10), JANE MOE TECHNICIANS, and PARAMEDICAL EMPLOYEES (1–20),<br><br>    Defendants. | Civ. No. 19-4549 (KM) (SCM)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

*Pro se* Plaintiff Rima Laibow brings this case on behalf of the estate of her husband, Major General Albert N. Stubblebine, III, alleging negligence and statutory violations by several defendants, including Kindred Hospital, involved in his medical treatment. In a November 21, 2019 order and opinion, the Court granted Kindred's motion to dismiss the complaint with prejudice and compel arbitration. (DE 39, 40;[1] *see also Laibow v. Menashe*, Civ. No. 19-4549, 2019 WL 6243368 (D.N.J. Nov. 21, 2019), *appeal dismissed*, No. 19-3943, 2020 WL 3470316 (3d Cir. May 14, 2020).) Now before the Court is Laibow's motion for relief from that order pursuant to Federal Rule of Civil Procedure 60(b)(3) and

---

[1]    "DE" refers to docket entry number.

for an indicative ruling pursuant to Federal Rule of Civil Procedure 62.1(a)(3) (DE 48). For the following reasons, the motion is **DENIED**.

### I. BACKGROUND

The facts and procedural history are more fully set forth in the previous opinion. *Laibow*, 2019 WL 6243368, at *1–2, 6. As relevant to this motion for relief, Kindred treated Gen. Stubblebine in the period leading up to his death. When he was admitted to Kindred's facility, Laibow herself signed documents including an agreement to arbitrate disputes with Kindred. *Id.* at *1–2, 8–11. Based on that arbitration agreement, Kindred moved to dismiss Laibow's claims against it in favor of arbitration. *Id.* at *6. Although Laibow put forward a host of arguments that the agreement was unenforceable, I found none persuasive, and so granted Kindred's motion. *Id.* at *6–11. Laibow appealed, but a motions panel of the Third Circuit dismissed for lack of appellate jurisdiction. 2020 WL 3470316, at *1. Other claims against other defendants remain.

### II. DISCUSSION

Rule 60(b)(3) authorizes the Court to issue relief from a final judgment, order, or proceeding when there is "fraud . . . , misrepresentation, or misconduct by an opposing party." To seek relief from an order under this Rule, the order must be "final." Fed. R. Civ. P. 60(b). An order is final under Rule 60(b) if it is a "final decision" under 28 U.S.C. § 1291. *Penn W. Assocs., Inc. v. Cohen*, 371 F.3d 118, 125 (3d Cir. 2004). A "final decision" "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment," whereby "a district court disassociates itself from a case." *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 408–09 (2015) (citations omitted).

The November 21, 2019 order is not a final decision. *See Penn W. Assocs.*, 371 F.3d at 125. An order dismissing some but not all defendants and compelling arbitration is not final because it leaves other claims pending. *See State Nat'l Ins. Co. v. County of Camden*, 824 F.3d 399, 406 (3d Cir. 2016) (if claims remain, there is no final decision); *In re Pharm. Benefits Managers*

*Antitrust Litig.*, 700 F.3d 109, 115 (3d Cir. 2012) (an order dismissing a complaint and compelling arbitration is final if it ends the litigation (citations omitted)). Indeed, the Third Circuit held that the November 21, 2019 order was not final for purposes of 28 U.S.C. § 1291. *See Laibow*, 2020 WL 3470316, at *1.[2] Accordingly, the order cannot serve as the basis for a Rule 60(b)(3) motion.[3]

Still, I take Laibow's point that, in a less formal sense, the order does signify an end to a portion of this proceeding in its guise as a court case. I therefore consider in the alternative, and really in dictum, the grounds for relief from my order that she raises. I find, however, that even if Laibow's motion were viable under Rule 60(b), it would fail on the merits.

Laibow argues that Kindred concealed that it was prohibited by a Centers for Medicare & Medicaid Services ("CMS") rule from using arbitration agreements. (DE 48, at 16–18.) However, the rule was not in effect when Laibow signed her agreement with Kindred in January 2017. In October 2016, CMS published a rule that prohibited certain facilities from using arbitration agreements, but one month later, a court enjoined that rule's enforcement. *Am. Health Care Ass'n v. Burwell*, 217 F. Supp. 3d 921 (N.D. Miss. 2016). CMS then undertook to revise the rule, and in the meantime that injunction remained in effect, so arbitration agreements were not prohibited. Eventually, in September 2019, CMS issued a new rule that permitted arbitration agreements. *Northport*

---

[2] I may treat this ruling as law of the case. *See Farina v. Nokia, Inc.,* 625 F.3d 97, 117 n.21 (3d Cir. 2010) ("The law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." (internal quotation marks and citations omitted)). *But see Ass'n of N.J. Rifle & Pistol Clubs Inc. v. Att'y Gen. N.J.*, 974 F.3d 237, 247 (3d Cir. 2020) (explaining that the doctrine does not always apply with full force to decisions by motions panels).

[3] Because the Third Circuit has dismissed Laibow's appeal of the order, her motion for an indicative ruling is moot. *See MZM Constr. Co. v. N.J. Bldg. Laborers' Statewide Benefit Funds*, Civ. No. 18-16328, 2019 WL 3812889, at *6 (D.N.J. Aug. 14, 2019) (explaining that Rule 62.1(a) allows a party to move the district court for relief from an order that is *currently on appeal*).

*Health Servs. of Ark., LLC v. U.S. Dep't of Health & Human Servs.*, 438 F. Supp. 3d 956, 961–63 (W.D. Ark. 2020) (explaining history), *appeal docketed*, No. 20-1799 (8th Cir. Apr. 16, 2020). The upshot is that arbitration agreements were not prohibited by the rule, which was not in effect at any time after the entry of the injunction in 2016. In particular, the rule was not in effect in January 2017, when Laibow signed the relevant arbitration agreement, and so there was nothing for Kindred to "conceal" from her or from the Court.

Moreover, Laibow's motion is premised on a legal argument available to her when she opposed Kindred's motion to dismiss. She has not presented the type of new evidence that would usually be required to warrant relief under Rule 60(b)(3). *See Floorgraphics Inc. v. News Am. Mktg. In-Store Servs., Inc.*, 434 F. App'x 109, 111 (3d Cir. 2011).

## III.    CONCLUSION

For the reasons set forth above, Laibow's motion (DE 48) for relief from the court's prior order compelling arbitration is denied.

A separate order will issue.

Dated: October 28, 2020

/s/ Kevin McNulty

---

**Hon. Kevin McNulty**
**United States District Judge**