**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

<table>
<tr><td>

RIMA E. LAIBOW, M.D., *et al.*,

     **Plaintiffs,**

v.

RICHARD MENASHE, D.O., *et al.*,

     **Defendants.**
</td><td>

**Case No. 19–cv–04549–KM–ESK**


**REPORT AND**
**RECOMMENDATION**
</td></tr>
</table>

**KIEL, U.S.M.J.**

     **THIS MATTER** is before the Court on the order of April 23, 2021 directing the parties to file submissions concerning several issues, including whether this Court has subject matter jurisdiction over this matter (Submissions).[1]    (ECF No. 135 ¶¶ 2, 4.)    The parties filed the Submissions as directed.    (ECF Nos. 136–139.) I held a conference, on the record, on May 25, 2021 to address whether the Court may properly assert subject matter jurisdiction over this matter.    (Minute entry after ECF No. 139.)    I held an additional conference on the record on June 11, 2021. (Minute entry after ECF No. 140.)    For the following reasons, I recommend this matter be **DISMISSED** without prejudice for lack of subject matter jurisdiction.

<u>DISCUSSION</u>

     No party disputes that Major General Albert N. Stubblebine, III, (Stubblebine) was, at the time of his death, a United States citizen and a domiciliary of the Republic of Chile.    (*See* ECF No. 137 p. 1; ECF No. 138.) Consequently, the citizenship of plaintiff Rima E. Laibow, M.D., in her capacity

---

[1] This lawsuit commenced over two years ago on February 4, 2019.    (ECF No. 1.) No party sought dismissal of this matter for the Court's lack of subject matter jurisdiction.    Rather, the Court raised the issue, *sua sponte*, at a telephone status conference held on December 11, 2020 (minute entry before ECF No. 129), and by subsequent text order entered on December 15, 2020 (ECF No. 129).

as *Administratrix Ad Prosequendum* of the Estate of Stubblebine (Estate), is, for purposes of determining citizenship, "the same State as the decedent[.]"   *See* 28 U.S.C. §1332(c)(2).

Because Stubblebine was a domiciliary of Chile at the time of his death, his United States citizenship renders him "stateless." An American citizen domiciled abroad is not domiciled in a particular state, rendering "such a person … 'stateless' for purposes of diversity jurisdiction." *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 184 (3d Cir. 2008).   "Thus, American citizens living abroad cannot be sued (or sue) in federal court based on diversity jurisdiction as they are neither 'citizens of a state nor citizens or subject of a foreign state.'"   *Id.* (citations omitted).   Therefore, this Court lacks subject matter jurisdiction over the claims asserted by the Estate.   Dr. Laibow, in her capacity as Administrator, is likewise "stateless."   28 U.S.C. §1332(c)(2).

However, in addition to bringing claims on behalf of the Estate in her capacity as Administrator, Dr. Laibow, who is proceeding *pro se*[2], is also asserting claims as the "spouse" of Stubblebine, *per quod*.   (ECF No. 1 p.1.)   In New Jersey, "[g]enerally, a claim for loss of consortium is derivative of the injured spouse's cause of action against the tortfeasor." *Tichenor v. Santillo*, 218 N.J. Super. 165, 173 (App. Div. 1987).   Such a claim "is also independent, as the damages which may be awarded to the spouse pursuant to the *per quod* claim are clearly different from the damages which may be awarded to the spouse suffering the direct injury." *Hauck v. Danclar*, 262 N.J. Super. 225, 227 (Law Div. 1993). However, "[d]espite their independence, consortium claims must be joined with

---

[2] "[D]ocument[s] filed *pro se* [are] to be liberally construed, … and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Higgs v. Att'y Gn. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) ("Our policy of liberally construing *pro se* submissions is driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.")

the primary claim in a single action." *Alberts v. Gaeckler*, 466 N.J. Super. 551, 566 (Law. Div. 2014) (citing N.J. Ct. R. 4:28-3 and *Richardson v. Kulick*, 213 N.J. Super. 250, 254 (App. Div. 1986)).

Dr. Laibow is a resident of Arizona (ECF No. 1 p. 4) whose United States citizenship has never been questioned.   To the extent all defendants are citizens of New Jersey (*id.* pp. 4–6), it appears there would otherwise be complete diversity of citizenship between Dr. Laibow (individually), on the one hand, and the remaining defendants in this matter, on the other.   Conceivably, then, this Court could retain subject matter jurisdiction over Dr. Laibow's *per quod* claims.

However, N.J. Ct. R. 4:28-3 expressly provides that "[a]ll claims by spouses for physical injury and consortium losses resulting from the same course of negligent conduct of others shall be joined in a single action and shall be deemed to have been waived if not so joined unless the court, for good cause shown, orders otherwise."   N.J. Ct. R. 4:28-3.   Thus, the Court could sever Dr. Laibow's *per quod* claims from the balance of the complaint on a showing of "good cause." However, the Submissions filed by the parties neither propose severance nor address whether good cause exists to sever Dr. Laibow's individual *per quod* claims from plaintiffs' remaining claims.

The complaint asserts causes of action for: (1) negligence and wrongful death as to defendant JFK Hospital (count one); (2) negligence and wrongful death as to defendant Kindred Hospital (count two); (3) negligence *per se* pursuant to the New Jersey Patient Bill of Rights as to JFK Hospital (count three); (4) negligence *per se* pursuant to the New Jersey Patient Bill of Rights as to Kindred Hospital (count four); (5) negligent supervision as to JFK Hospital (count five); (6) negligent supervision as to Kindred Hospital (count six); (7) punitive damages as to JFK Hospital; and (8) punitive damages as to Kindred Hospital (count seven). (ECF No. 1 pp. 11, 18, 25, 28, 30, 32, 34, 36, 37.)   The complaint alleges that Dr. Laibow seeks to recover for the "pain, suffering, and mental anguish suffered by [Stubblebine] up to and including the moment of [Stubblebine's] death on

February 6, 2017, arising out of the negligence and medical malpractice committed by Defendants … resulting in … wrongful death[.]"   (*Id.* p.2.)

Thus, according to the complaint[3], Dr. Laibow's individual claims effectively constitute her claims *per quod*, and are derivative of the Estate's underlying tort claims against defendants.   While there may be diversity of citizenship between Dr. Laibow (individually) and defendants, this Court is divested of jurisdiction over plaintiffs' remaining claims, to which Dr. Laibow's *per quod* claims must remain tethered absent a showing of "good cause" to the contrary.   *Alberts*, 466 N.J. Super. at 566 (citing N.J. Ct. R. 4:28-3 and *Richardson*, 213 N.J. Super. at 254).

## RECOMMENDATION

Accordingly, I recommend this matter be **DISMISSED**, in its entirety, for lack of subject matter jurisdiction, without prejudice to plaintiffs refiling their claims in state court.

    */s/ Edward S. Kiel*
    **EDWARD S. KIEL**
    **UNITED STATES MAGISTRATE JUDGE**

Date:  June 30, 2021

---

[3] Although Dr. Laibow has sought to amend the pleadings (ECF Nos. 59, 66, 122), the complaint remains the operative pleading.