UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RIMA E. LAIBOW, spouse of ALBERT N. STUBBLEBINE, III, deceased,**<br><br>Plaintiff,<br><br>v.<br><br>**RICHARD MENASHE, WILLIAM OSER, LISA CASALE, THE COMMUNITY HOSPITAL GROUP d/b/a JFK MEDICAL CENTER, KINDRED HOSPITAL, ABC COMPANIES (1–10), DEFENDANT PARTNERSHIPS (1–10), JOHN DOE PHYSICIANS (1–10), JANE DOE NURSES (1–10), JANE MOE TECHNICIANS, and PARAMEDICAL EMPLOYEES (1–20),**<br><br>Defendants. | Civ. No. 19-4549 (KM) (ESK)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on the Report and Recommendation ("R&R") of Hon. Edward Kiel, United States Magistrate Judge, recommending that the case be dismissed for lack of subject-matter jurisdiction. (DE 141.) No objection has been filed. For the reasons set forth below, the R&R will be adopted, as supplemented by the analysis here, and the case will be dismissed.

I. **BACKGROUND**

*Pro se* plaintiff Rima Laibow has sued individuals and entities involved in her deceased husband's medical treatment. The complaint purports to bring state-law claims on behalf of her husband's estate and on behalf of herself directly, for loss of consortium and "pain and suffering." (*See* DE 1.)

Although this case has proceeded for some time, Magistrate Judge Kiel recently asked the parties for submissions regarding jurisdiction. (DE 135.)

Laibow's complaint invoked diversity jurisdiction, relying on the facts that she is an Arizona resident, while the defendants are New Jersey residents. (DE 1.) However, facts developed showing that her husband was an American citizen living abroad. Thus, Magistrate Judge Kiel found that there can be no diversity jurisdiction over the claims brought on behalf of his estate. (DE 141 at 1–2.) As to the remaining claims asserted by Laibow personally, Magistrate Judge Kiel found that they were derivative of the estate's claims and could not be severed. (*Id.* at 2–4.) As a result, he recommended dismissal of the entire action so that Laibow could bring the claims in state court. (*Id.* at 4.) No objections were filed.

## II.   DISCUSSION

I agree with Magistrate Judge Kiel's recommendation and supplement his analysis.[1] To start, the R&R correctly found that this Court lacks diversity jurisdiction over the claims asserted on behalf of the estate. *See Freidrich v. Davis*, 767 F.3d 374, 378 (3d Cir. 2014) (American citizens domiciled abroad cannot bring diversity suits because they are "stateless"); 28 U.S.C. § 1332(c)(2) ("the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent").

It is true that, all other things being equal, a federal court may dismiss a nondiverse party so that a case may proceed. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 421 (3d Cir. 2010); Fed. R. Civ. P. 21. But the court may not do so—*i.e.*, it must dismiss the entire case—if the nondiverse party is necessary under Rule 19(a) and indispensable under Rule 19(b). *See Zambelli*, 592 F.3d at 421; *Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 313 (3d Cir. 2007); *Aetna Life Ins. Co. v. Found. Surgery Affiliates, LLC*, 358 F. Supp. 3d 426, 437–38 (E.D. Pa. 2018).

A party is necessary if "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). As Magistrate

---

[1]   Because no party has objected to the R&R, yet the R&R deals with dispositive issues, I give the R&R "reasoned consideration." *EEOC v. City of Long Branch*, 866 F.3d 93, 99–100 (3d Cir. 2017).

Judge Kiel correctly perceived, under New Jersey law, a consortium claim "is derivative and dependent upon the other spouse prevailing in his or her suit for personal injuries." *Alberts v. Gaeckler*, 144 A.3d 80, 88 (N.J. Super. Ct. App. Div. 2014). A wife's *per quod* claim and her deceased husband's claim must be joined. *See id.* The estate's claims are thus necessary. *See* 7 Charles Alan Wright et al., *Federal Practice and Procedure* § 1603 (3d ed. Apr. 2021 update) ("[I]f state substantive law indicates that plaintiff does not have a particular right of action unless certain persons are joined, then a federal court properly may decide under Rule 19 that plaintiff should not proceed alone in a federal diversity action.").[2]

A party is "indispensable if in the circumstances of the case they must be before the court." *Zambelli*, 592 F.3d at 421 (cleaned up). This requires determining "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." *Id.* (quoting Fed. R. Civ. P. 19(b)). I consider (1) to what extent a judgment rendered in the estate's absence might be prejudicial to the parties; (2) the extent to which prejudice can be lessened by protective provisions in the judgment, the shaping of relief, or other measures; (3) whether a judgment rendered in the estate's absence will be adequate; and (4) whether Laibow and the estate will have an adequate remedy if the action is dismissed. *See* Fed. R. Civ. P. 19(b).

These factors weigh in favor of finding the estate indispensable. First, a judgment rendered in the estate's absence would necessarily involve deciding

---

[2]   Judge Kiel noted that the New Jersey Rules of Court provide that *per quod* claims and the claims of the injured person "shall be joined in a single action and shall be deemed to have been waived if not so joined unless the court, for good cause shown, otherwise orders." N.J. Ct. R. 4:28-3. In Judge Kiel's view, no such showing of good cause had been made. To that state law analysis I have added this overlay of analysis under federal procedural law.

To be sure, Laibow also seems to assert claims seeking emotional distress damages, and those claims are separate from the estate's claims. *Alberts*, 144 A.3d at 89. But Rule 19(a) focuses on "complete relief," so her inability to pursue consortium claims without the estate means she cannot receive complete relief on all claims.

whether defendants' medical treatment of the husband was negligent. As a result, the judgment could have preclusive effect were the estate to try to litigate separately in state court, potentially prejudicing the estate. Second, I perceive no adequate protective measures to avoid that result. Third, a judgment rendered in the estate's absence would not be adequate because it could only adjudicate Laibow's claims for pain and suffering and not her *per quod* claims. Fourth, Laibow and the estate could bring this case in state court, so there is an adequate remedy. Accordingly, the estate is indispensable, so I must dismiss the whole case, rather than just the estate's claims.

## III.   CONCLUSION

For the reasons set forth above, the R&R is adopted, and the case will be dismissed.

A separate order will issue.

Dated: August 19, 2021

/s/ Kevin McNulty

_____

**Hon. Kevin McNulty**
**United States District Judge**